NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ALTHEA POE-HENDERSON,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2014-3138

---

Petition for review of the Merit Systems Protection Board in No. PH-0752-13-0037-I-1.

---

Decided: November 6, 2014

---

ALTHEA POE-HENDERSON, of Philadelphia, Pennsylvania, pro se.

SARA B. REARDEN, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief was BRYAN G. POLISUK, General Counsel.

---

Before PROST, *Chief Judge,* MOORE, and CHEN, *Circuit Judges.*

PER CURIAM.

Petitioner Althea Poe-Henderson appeals the final decision of the Merit Systems Protection Board, which dismissed her petition as untimely filed without a showing of good cause for the delay. *Poe-Henderson v. Dep't of Defense*, MSPB Dkt No. PH-0752-13-0037-I-1 (June 6, 2014) (Final Order). Because the Board did not abuse its discretion in declining to waive the filing deadline, and its findings on untimeliness are supported by substantial evidence, we affirm.

## BACKGROUND

On October 18, 2012, Ms. Poe-Henderson filed an appeal with the Board, challenging her removal from her position as a Supply Cataloger for the Defense Industrial Supply Center of the Department of Defense. She indicated that she worked for the Defense Department from 1985 until October 10, 1990, and she alleged that her departure was involuntary. Because the filing period for Ms. Poe-Henderson's case began on her departure date of October 10, 1990, but her appeal was filed several years late on October 18, 2012, the administrative judge ordered her to show good cause existed for the delay. In her response, she failed to provide the exact year that she learned she had been terminated, stating instead that she did not learn of her termination until the "summer of 199[blank]." Respondent's Appendix (R.A.) 21. She also stated that she had been under a psychiatrist's care since 1980 due to a nervous breakdown, and that the administrative judge should call her psychiatrist. When the administrative judge directed her to submit evidence of the year she was terminated and any additional medical information she wished to provide, Ms. Poe-Henderson did not respond.

On December 19, 2012, the administrative judge issued an initial decision dismissing Ms. Poe-Henderson's appeal as untimely filed, given the inadequate explana-

tion for her over 20-year delay. The initial decision stated that it would become final on January 23, 2013, unless Ms. Poe-Henderson filed a petition for review by that date.

She did not petition the Board to review the initial decision until January 24, 2014, over one year later. The Clerk of the Board instructed Ms. Poe-Henderson that, under 5 C.F.R. § 1201.114(g), her untimely petition must be accompanied by a motion showing good cause for the untimely filing, or the Board may dismiss the petition as untimely. She did not respond to the Clerk's notice on timeliness or offer any reason for the delay, and the Board dismissed her petition for review on June 6, 2014. Final Order at 4; R.A. 9. Ms. Poe-Henderson appealed, and we have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the Board's decision to dismiss a petition for review as untimely unless the decision is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Walls v. Merit Sys. Prot. Bd.*, 29 F.3d 1578, 1581 (Fed. Cir. 1994).

In this case, a petition for review of the initial decision, issued on December 19, 2012, must have been filed by January 23, 2013. *See* 5 C.F.R. § 1201.114(e). Ms. Poe-Henderson did not file her petition for review until one year later. The Board may waive or extend the time limit for filing a petition for review when the petitioner shows good cause for the untimeliness. *Walls*, 29 F.3d at 1581. To determine whether the petitioner has shown good cause for an untimely filing, the Board considers a non-exclusive list of factors, including the length of the delay, whether the petitioner was notified of or aware of the time limit, the reasonableness of her excuse and

showing of due diligence, whether she is proceeding pro se, and whether she has submitted evidence of circumstances beyond her control that affected her ability to comply or a showing of unavoidable casualty or misfortune. *Id.* at 1582.

The initial decision provided clear notice of the time limit, stating that any petition for review must be filed by January 23, 2013. Although the Clerk of the Board afforded Ms. Poe-Henderson the opportunity to show good cause, she has offered no explanation for her one-year delay. In her brief, she stated only that she "had been mentally ill since the beginning of employment with [the Defense Department]" in 1985. Petitioner's Informal Br. Item 4. The Board has held that it will find good cause for waiving the filing deadline where a party shows that she suffered from an illness affecting her ability to file on time. *See Lacy v. Dep't of the Army*, 78 M.S.P.R. 432, 437 (1998). To do so, the party must submit medical or other corroborating evidence showing that she suffered from the illness during that time period. *Id.* at 432. Ms. Poe-Henderson has presented no evidence to show that she suffered from any illness during the time when she could have filed a timely petition—that is, from December 19, 2012, to January 23, 2013. She has not explained how her illness prevented her from timely filing her petition for review with the Board before January 23, 2013.

Accordingly, Ms. Poe-Henderson has not shown that the Board abused its discretion in declining to waive the time limit for filing a petition for review or that the Board's factual findings on untimeliness are unsupported by substantial evidence. Thus, the Board's decision to dismiss her petition as untimely filed is

**AFFIRMED**

COSTS

No costs.